IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


JUSTIN M. LOPEZ                                                                    PLAINTIFF

VERSUS                                        CIVIL ACTION NO. 1:03cv122WJG-JMR

CITY OF BILOXI, MISSISSIPPI and A.J.
HOLLOWAY, in his Official Capacity as
Mayor for the City of Biloxi, Mississippi                                    DEFENDANTS


<u>MEMORANDUM OPINION</u>


        This matter is before the Court on the motion of the Plaintiff, Justin Lopez, for attorney's

fees [89-1] and expenses.  On April 27, 2005, following a trial on the merits, the jury found in

favor of Lopez determining that Biloxi violated Lopez's First and Fourteenth Amendment rights

and awarding damages in the amount of $55,000 to Lopez.  (Ct. R., Docs. 86, 90.)  As a result,

the plaintiff filed this motion for attorney's fees pursuant to 42 U.S.C. § 1988.  Lopez's attorney,

Chester D. Nicholson, seeks an award of $34,941.59 which includes expenses totaling $1,806.59.

(Ct. R., Doc. 89).

        Nicholson submitted a request for 160.05 hours of attorney time at $200.00 per hour and

34.5 hours of paralegal time at $50.00 hour.  (Ct. R., Doc. 89-1.)  After careful consideration of

the itemized breakdown of expenses, the Court finds that the fee request over stated the attorney

fee time and understated the paralegal time; therefore the Court will use a total of 158.05 hours

of attorney time and 36.50 hours of paralegal time in considering the fee request.  (Ct. R., Doc.

89-2.)  The Court will utilize these figures in determining the proper amount of the fee award, if

any.

Recovery of attorney's fees in a section 1983 lawsuit depends on whether the party seeking fees is a "prevailing" party, which is defined as one that receives at least some relief on the merits of their claim. *Hanrahan v. Hampton,* 446 U.S. 754, 758 (1980). The jury found in favor of Lopez at the trial, and the Court finds that Lopez is a prevailing party in this case, therefore entitling him to an award of attorney fees under section 1988.

Title 42 of the United States Code § 1988 provides in pertinent part that in a section 1983 action, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988. The decision to award attorneys fees under that statute rests within the broad discretion of the district court. *Bell v. Schexnayder,* 36 F.3d 447, 449 (5th Cir. 1994). The calculation of the reasonable fee to be awarded to a prevailing section 1983 claimant pursuant to 42 U.S.C. § 1988 is based on a "lodestar" figure, which is arrived at by multiplying "the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate." *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983); *Giles v. General Elec. Co.*, 245 F.3d 474, 490 (C.A.5th Cir. 2001).

The fee applicant bears the burden of proving that the number of hours and the hourly rate for which compensation is requested is reasonable. *Hensley,* 461 U.S. at 437. The determination of whether the applicant's reported hours are repetitive and duplicative is a finding of fact by the district court. *Cooper v. Pentecost,* 77 F.3d 829 (5th Cir. 1996). Furthermore, it is appropriate to distinguish between legal tasks that clearly require an attorney's skill, and other tasks such as investigation, clerical work, compilation of facts and statistics; work which often can be accomplished by non-lawyers but which a lawyer may do because he has no other help available, or simply because he wishes to perform a specific task. Clerical work which does not require the

skill of an attorney, but which an attorney nevertheless performs, may be compensated at a lesser rate than the attorney's hourly rate. *Cruz v. Hauck,* 762 F.2d 1230, 1235 (5th Cir. 1985). It is also reasonable to assume that a more experienced attorney will take less time to accomplish a routine task than it would take a novice attorney, so a reduction in time may be appropriate depending on the attorney's experience. *See League of United Latin Am. Citizens No. 4552 v. Roscoe Indep. Sch. Dist.,* 119 F.3d 1228, 1234 (5th Cir. 1997). The Court will analyze any reduction in the hours claimed for work performed prior to conducting the *Johnson* review of the claim for attorney's fees.

The Court carefully considered the itemized time report submitted by Lopez's attorney. Each of the entries are reasonable both in the time and effort expended in prosecuting this case. Some of the tasks claimed at full attorney rate, however, are of a routine nature and should be compensated at a lesser rate. Such entries include the filing of returns with the clerk of the court listed on February 4, 2003; telephone calls regarding the scheduling of depositions listed on February 11 and 13, 2004; a letter to the court regarding conflicts on June 24, 2004; time spent faxing a letter to opposing counsel on March 16, 2005; time spent signing letters to those under subpoena as a witness on April 5, 2005; and a telephone call to opposing counsel on April 29, 2005. These items will be compensated at the same rate as the paralegal and will result in a reduction of the total hours claimed at the attorney rate. The Court finds that 2.50 hours of attorney time should be compensated at $50.00 per hour for these tasks. This would result in a fee award of $125.00 for these tasks.

The Court has also reduced some of the time claimed by Nicholson. This includes time spent researching and preparing the motion for fees; for review of letters regarding notice of

depositions on April 24, 2004, and on November 26, 2004 for receipt and review of the proof of service on the Social Security Administration and finds that 1.35 hours claimed for these tasks are excessive.  These hours will be deleted from the claim.  As a result of the removal of the hours credited at the paralegal rate for attorney time, and the time removed as excessive, the total attorney hours claimed at the rate of $200 will be reduced by 3.85 hours.  The reasonable number of hours expended by Nicholson in attorney related tasks is 154.20 hours as a result of the reductions noted above.

The time claimed under the paralegal rate includes an entry on March 28, 2005, for an hour spent in a conference with Judge Gex regarding settlement, claimed by both the attorney and the paralegal.  The Court finds the time claimed by the paralegal for the conference to be unnecessary as the paralegal's presence was neither requested nor required by the Court and will strike the time claimed for this from the fee request.  This results in 35.5 hours allowed for paralegal tasks, with the addition of 2.5 hours of attorney time for a total of 38.0 hours compensated at the rate of $50.00 per hour.  These calculations yield an award for paralegal time in the amount of $1,900.00.  A total of 154.20 attorney-hours compensated at the rate of $200 per hour yields an award of $30,840.00.  The Court finds the sum of $32,740 shall be awarded in attorney/paralegal fees.

Once the lodestar is computed by multiplying the reasonable number of hours by a reasonable hourly rate, the district court may adjust the lodestar upward or downward depending on its analysis of the factors set out in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974).  *United States Leather, Inc. v. H & W P'ship,* 60 F.3d 222, 229 (5th Cir. 1995); *Cobb v. Miller,* 818 F.2d 1227, 1232 (5th Cir. 1987).  The twelve *Johnson* factors areas follows:

(1) the time and labor required, (2) the novelty and difficulty of the issues, (3) the skill required to perform the legal services properly, (4) the preclusion of other employment, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Strong v. BellSouth Telecomms., Inc.,* 137 F.3d 844, 850 n. 4 (5th Cir. 1998) (citing *Johnson,* 488 F.2d at 717-19). The *Johnson* analysis need not be meticulously detailed by the Court, but the Court must be articulate and clearly apply the *Johnson* criteria. *Louisiana Power & Light Co. v. Kellstrom,* 50 F.3d 319, 331 (5th Cir. 1995), *cert. denied,* 516 U.S. 862; *Riley v. City of Jackson, Miss*., 99 F.3d 757, 760 (5th Cir. 1996).

The Court's lodestar calculation takes into account the time and labor of the plaintiff's attorney, as well as the requisite skill of the attorney, and his experience, reputation, and ability. As outlined in his affidavit, Nicholson has 21 years experience as a litigator in both state and federal courts in Mississippi and Louisiana.  (Ct. R., Doc. 89-2, p. 1.)  Nicholson asserts that based on his experience, the Lopez case presented novel questions regarding the administration of the City's Civil Service examination process.  (*Id*., p. 3.)  Nicholson indicates that 25% of his civil practice is devoted to civil rights cases.  (*Id*., p. 2.)  He claims he was precluded from working on other cases because of his involvement in this case.

The Court finds that Nicholson's skill and experience merit the claimed $200.00 hourly rate and that his ability is well-known both by the Court and by his fellow attorneys.  The Court further finds that no further adjustment to the lodestar need be made to reflect this aspect, or the

notion that Nicholson was precluded from working on other cases by the hours spent on this case over the two years it took the case to be brought to trial. *See Shipes v. Trinity Indus.,* 987 F.2d 311, 319 (5th Cir.), *cert. denied,* 510 U.S. 991 (1993); *Alberti v. Klevenhagen,* 896 F.2d 927, 930 (5th Cir.), *vacated in part,* 903 F.2d 352 (5th Cir. 1990); *Migis v. Pearle Vision, Inc.,* 944 F. Supp. 508 (N.D. Tex. 1996).

The customary fee arrangement in a civil rights action is the acceptance of the fee set by the court or a fee contingently based upon the amount recovered. The court finds that this factor does not warrant any adjustment to the lodestar in this case.

The jury award in this case was the amount that Lopez himself testified would be a reasonable award for his injury. (Tr. Trans.) All of the hours expended by Nicholson in this case were necessary to obtain the results in this case. The lodestar is presumed to reflect a reasonable attorneys' fee award, but the district court may adjust it upward or downward in exceptional cases. *City of Burlington v. Dague,* 505 U.S. 557, 562 (1992); *Walker v. United States Dep't. of Housing & Urban Dev.,* 99 F.3d 761, 771-3 (5th Cir. 1996). This Court finds no reason to enhance or to diminish the lodestar it has calculated based on the results obtained or the agreed fee in this case.

There is no information on the nature and the length of the professional relationship with the client, but there is nothing within the case which favors an adjustment to the lodestar amount based on this factor. In addition, the Court finds that there is no reason to adjust the lodestar based on awards in similar cases. *See, e.g, TK's Video, Inc. v. Denton Co.,* 24 F.3d 705, 712 (5th Cir. 1994). Finally, the Court finds no basis for concluding that Nicholson was exposed to the scorn of the community or any other ill treatment which would justify a finding that this was an

undesirable case.  Thus, the Court concludes that none of the *Johnson* factors requires adjustment of the lodestar in the instant case.  *Riley v. City of Jackson, Miss.*, 2 F. Supp.2d 864, 878 (S.D. Miss. 1997).

Prevailing parties are entitled to attorney's fees under section 1988 for time spent establishing and litigating a fee claim as well as for time spent prosecuting the merits of the civil rights action. *Johnson v. State of Miss.,* 606 F.2d 635, 637-38 (5th Cir. 1979).  The Court, therefore, concludes that Nicholson is entitled to a reasonable compensation for preparation of his fee application, as outlined in the reconciliation of time submitted with the fee application.

In addition to an award of attorney's fees, Nicholson seeks an award of expenses in the amount of $1,806.59.  An attorney's reasonable out-of-pocket expenses which are ordinarily charged to fee paying clients may be recovered as expenses under 42 U.S.C. § 1988.  *Kirksey v. Danks,* 608 F. Supp. 1448, 1459-60 (S.D. Miss.1985).  Upon close review of the subject expense records, the Court finds that the submitted expenses are routinely charged to fee paying clients and are recoverable. The Court, therefore, shall award the plaintiff expenses in the amount of $1,806.59.  *Hopwood v. State of Texas*, 236 F.3d 256, 277 (5th Cir. 2000).  The Court finds that the total award in this case should be $35,546,59, which reflects an award of $33,740.00 for attorneys fees and $1806.59 in expenses.

<u>Conclusion</u>

For the reasons given above, this Court finds that the Plaintiffs' motion [89-1] for attorney's fees and expenses should be granted in the following amounts, as calculated above: $33,740.00 in attorney's fees and $1,806.59 in expenses.  The total award is $35,546.59.  A

separate judgment in conformity with and incorporating by reference the above Memorandum

Opinion shall issue this date.

    THIS the 3rd day of May, 2006.


                                        _____
                                            *Walter J. Gex III*
                                        UNITED STATES SENIOR DISTRICT JUDGE