IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JUSTIN M. LOPEZ                                                                                           PLAINTIFF

VERSUS                                                                   CIVIL ACTION NO. 1:03cv122WJG-JMR

CITY OF BILOXI, MISSISSIPPI and
A.J. HOLLOWAY, in his Official Capacity
as Mayor for the City of Biloxi, Mississippi                                                     DEFENDANTS

O R D E R

This matter is before the Court on the motion [115-1] of the Plaintiff, Justin M. Lopez, to reconsider the Memorandum Opinion and separate Order entered by the Court on March 29, 2006, which denied the Plaintiff's claim for equitable relief.  (Ct. R., Docs. 113-114.)

According to Lopez,  he should be instated to the position of firefighter for the City of Biloxi, Mississippi [Biloxi] based on the jury's verdict that he was wrongfully denied employment because A.J. Holloway, Mayor of Biloxi, held animosity towards him.  (Ct. R., Doc. 115, p. 1.)  Lopez contends that he should now be hired because the Court did not follow applicable Fifth Circuit Court of Appeals case law addressing rehires and reinstatement of individuals in situations where animosity on the job existed.  (*Id*., p. 2.)  He maintains that Holloway and Fire Chief David Roberts exhibited illegal political animus which allegedly kept Lopez from getting a job.  (*Id*.)  He claims that many firefighter positions were filled since July 2000, and that many more firefighter positions will be filled, thereby establishing that no one would be deprived of a position if he were to be awarded a position now by the Court.  (*Id*., pp. 2-3.)

Defendants contend that the affidavits submitted with Lopez's motion to reconsider should be stricken because the evidence does not comply with the Federal Rules of Civil Procedure. (Ct. R., Doc. 116, p. 3.) Defendants assert that the evidence submitted with the motion to reconsider is, for the most part, cumulative or irrelevant. (*Id.*, p. 6.) Defendants maintain that the information presented in conjunction with the motion to reconsider does not constitute newly discovered evidence and should not be considered in addressing the motion for reconsideration. (*Id.*, p. 7.)

<u>Discussion</u>

The Federal Rules of Civil Procedure do not provide a mechanism by which a party may file a "motion to reconsider." Motions seeking reconsideration of a court's ruling and filed within 10 days of the entry of summary judgment will, therefore, be construed as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e). *Simmons v. Reliance Standard Life Ins. Co.*, 310 F.3d 865, 867 (5th Cir. 2002). A litigant seeking relief under Rule 59(e) must show one of the following: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice. *Ross v. Marshall,* 426 F.3d 745, 763 (5th Cir. 2005); *Schiller v. Physicians Res. Group, Inc.,* 342 F.3d 563, 567 (5th Cir. 2003). Motions to reconsider grounded on claims of newly discovered evidence will not be granted unless the movant shows: (1) the facts discovered are of such a nature that they would probably change the outcome; (2) the facts alleged are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching. *See Infusion Resources, Inc. v. Minimed, Inc.,* 351 F.3d 688, 696-697 (5th Cir. 2003). A Rule 59(e) motion may not be

used to re-litigate old matters, raise arguments, or present evidence that could have been raised prior to entry of judgment. *Rosenzweig v. Azurix Corp.,* 332 F.3d 854, 863 (5th Cir. 2003). The following additional factors should be considered: (1) the reasons set forth by the movant justifying consideration of evidence or arguments that the movant failed to present in the underlying action; (2) the importance of the reconsideration of the underlying motion to the movant's case; (3) whether the reasons set forth justifying reconsideration were available to the movant before they responded to the underlying motion; and (4) the likelihood that the non-movants will suffer unfair prejudice if the motion is reconsidered. *Sturges v. Moore,* 73 Fed. App'x 777, 778 (5th Cir. 2003) (citing *Ford v. Elsbury,* 32 F.3d 931, 937-8 (5th Cir. 1994)). The district court has "considerable discretion" in deciding whether to grant a rule 59(e) motion. *Lavespere v. Niagara Machine & Tool Works, Inc.,* 910 F.2d 167, 174 (5th Cir.1990), *reh'g denied* 920 F.2d 259.

In this case, Lopez has done nothing to show that the underlying facts supporting his motion to reconsider were not within his knowledge prior to the Court's entry of judgment. (Ct. R. Doc. 115.) The Court thoroughly considered each of the arguments for instatement which are presented in Lopez's motion to reconsider prior to issuing its judgment in this case. "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly" and a rule 59(e) motion "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Templet v. Hydrochem, Inc.,* 367 F.3d 473, 479 (5th Cir. 2004), *cert. denied* 543 U.S. 976. Under the circumstances of this case, the court finds no basis under rule 59(e) for altering its judgment on the motion for

equitable relief.  *See Templet* 367 F.3d at 479-80.  Accordingly, the Court concludes that the motion for reconsideration should be denied.  It is therefore,

ORDERED AND ADJUDGED that Plaintiff's motion to reconsider [115-1] be, and is hereby, denied.  It is further,

ORDERED AND ADJUDGED that each party shall bear their respective costs associated with this motion.

SO ORDERED AND ADJUDGED, this the 6th day of August, 2006.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE